IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY, a/s/o
DELROY AND GRACE FOSTER
700 Quaker Lane
Warwick, RI 02886

        -and-

IDS PROPERTY CASUALTY INSURANCE
COMPANY, a/s/o JAMES AND KATY YU
3500 Packerland Drive
De Pere, WI 54115

        Plaintiffs,

vs.

ELECTROLUX NORTH AMERICA, INC.
10200 David Taylor Drive
Charlotte, NC 28262

        -and-

ELECTROLUX HOME PRODUCTS, INC. and
2715 Washington Avenue
Augusta, GA 30909

        -and-

SEARS, ROEBUCK and CO.
3333 Beverly Road
Hoffman Estates, IL 60179

        Defendants.

Case No.

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiff, Metropolitan Group Property and Casualty Insurance Company, as subrogee of

Delroy and Grace Foster, and IDS Property Casualty Insurance Company, as subrogee of James

and Katy Yu, by and through their undersigned attorney, Cozen O'Connor, and for their

Complaints against defendants Electrolux North America, Inc., Electrolux Home Products, Inc., and Sears, Roebuck and Co., allege the following:

**PARTIES**

1.      Plaintiff, Metropolitan Group Property and Casualty Insurance Company ("Plaintiff Metropolitan"), is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 700 Quaker Lane, Warwick, Rhode Island,  and at all times relevant hereto was duly authorized to issue insurance policies in the State of New Jersey.

2.      Plaintiff, IDS Property Casualty Insurance Corp ("Plaintiff IDS") is a corporation duly organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 3500 Packerland Drive, De Pere, Wisconsin, and at all times relevant hereto was duly authorized to issue insurance policies in the State of New Jersey.

3.      Defendant, Electrolux North America, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina, 28262.  At all times material herein, Electrolux North America, Inc., was engaged in the design, manufacture, assembly, sale and/or supply of clothes dryers for the distribution in the United States.

4.      Defendant, Electrolux Home Products, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 2715 Washington Road, August, Georgia.  At all times material herein, Electrolux Home Products, Inc. was engaged in the design, manufacture, assembly, sale and/or supply of clothes dryers for the distribution in the United States.  For the remainder of the complaint, Electrolux North

America, Inc. and Electrolux Home Products, Inc. will be referred to collectively as "Electrolux."

5.      Defendant Sears, Roebuck and Co. ("Sears") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7.      Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS RE: FOSTER CLAIM

8.      At all times material herein, Delroy Foster and Grace Foster (the Fosters) were the owners and/or inhabitants of the property located at 424 Hamilton Drive, Stewartsville, NJ 08886.

9.      The Fosters were insured through a policy of insurance issued by Plaintiff Metropolitan, policy number 194114438-0, which insured them against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expense.

10.     Prior to April 1, 2008, the Fosters purchased a clothes dryer manufactured by Electrolux from Sears, and contracted with Sears for the installation of said dryer in their home.

11.     On or about April 1, 2008, defendant Sears, its agents, servants and/or subcontractors removed the Fosters' existing dryer and installed the new Electrolux dryer in the Fosters' home.

12.     The dryer, at all times relevant hereto, was manufactured, designed, assembled and/or supplied by Electrolux.

13.     Defendant Sears and/or its agents installed the dryer in violation of the manufacturer's instructions, including but not limited to, by using a flexible foil duct to connect the dryer to the permanent house vent, and by installing an excessive length of flexible foil so that it caused the flexible foil duct to be with numerous turns, which significantly compromised the dryer's ability to evacuate lint from the dryer.

14.     On March 4, 2013, a fire originated in the dryer due in whole and/or in part to both Sears' defective installation of the dryer, as well as the dryer's defective design by Electrolux, which fire caused extensive damage to the Fosters' real and personal property and caused them to sustain extra expenses.

15.     At all times material herein, the Fosters employed the Electrolux dryer for the use for which it was intended, in the absence of any abuse and/or misuse.

16.     As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid the Fosters the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses incurred by the insureds on account of the fire.

17.     As a result of said payments, the plaintiff is both legally and equitably subrogated to any and all claims that the insureds may have against the defendant.

## FACTUAL ALLEGATIONS RE: YU CLAIM

18.     At all times material herein, James and Katy Yu (the Yus) were the owners and/or inhabitants of the property located at 3 Foxhill Run Road, Monmouth Junction, New Jersey.

19.   The Yus were insured through a policy of insurance issued by Plaintiff IDS, policy number HI01491603, which insured them against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expense.

20.   Prior to November 16, 2013, the Yus purchased a clothes dryer manufactured by Electrolux from Sears, and contracted with Sears for the installation of said dryer in their home.

21.   Prior to November 16, 2013, defendant Sears, its agents, servants and/or subcontractors removed the installed the Yus' new Electrolux dryer in the Yus' home.

22.   The dryer, at all times relevant hereto, was manufactured, designed, assembled and/or supplied by Electrolux.

23.   Defendant Sears and/or its agents installed the dryer in violation of the manufacturer's instructions and applicable state fire and safety codes by installing the dryer with a screen over the exhaust vent.  As a result, lint became trapped in the screen, thereby impairing the airflow through the dryer and thus allowing a dangerous and excessive amount of lint accumulate within the dryer cabinet.

24.   On November 16, 2013, a fire originated in the dryer due in whole and/or in part to both Sears' defective installation of the dryer, as well as the dryer's defective design by Electrolux, which fire caused extensive damage to the Yus' real and personal property and caused them to sustain extra expenses.

25.   At all times material herein, the Yus employed the Electrolux dryer for the use for which it was intended, in the absence of any abuse and/or misuse.

26.   As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff IDS paid the Yus the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses

incurred by the insureds on account of the fire.  As a result of said payments, the plaintiff IDS is both legally and equitably subrogated to any and all claims that the insureds may have against the defendant.

## COUNT I
## STRICT LIABILITY v. ELECTROLUX

27.     Plaintiff incorporates by reference the averments in paragraphs 1 through 26 as though each were fully set forth at length herein.

28.     The fire referred to above and consequent damage and destruction to the insureds' property was caused by defendant Electrolux's actions for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts and the New Jersey Product Liability Act in:

(a)     improperly designing a dryer which allowed lint to come in contact with a competent ignition source;

(b)     designing a dryer that allows the lint from clothes to collect in areas within the dryer cabinet where it can then be ignited by the heat and flame produced by the burner assembly;

(c)     designing a dryer that allows lint to collect in an area where it cannot be cleaned by a user, and where the accumulated lint is potentially ignitable by the heat and flame from the burner assembly;

(d)     failing to include appropriate and necessary warnings, including warnings on the dryer cabinet that the interior cabinet must be professionally cleaned every 18 months;

(e)     failing to include warnings on the rear of the dryer cabinet that flexible foil ducting should not be used as an exhaust duct;

(f)     failing to include warnings in the dryer user manual that lint can accumulate between the deflector and the rear heat diffuser, and about the need to remove lint from this area; and

(g)     failing to advise and instruct Sears and other dryer installation companies about Electrolux's prohibition against using flexible foil ducting;

(h)     failing to issue post-sale warnings to its customers once it knew or should have known that the ball-hitch dryer design was defective based upon the number of fires involving the product that were occurring;

(i)     failing to design a dryer that would contain a fire within the dryer cabinet;

      (j)    supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm.

29.    By reason of the aforesaid actions of defendant for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts and the New Jersey Product Liability Act, the fire referred to above took place and resulted in damage and destruction to plaintiffs' insureds' property and a loss of its use.

WHEREFORE, the plaintiffs demand judgment against the defendants in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

## COUNT II
## NEGLIGENCE v. SEARS

30.    Plaintiffs incorporate by reference herein the averments in paragraphs 1 through 29 as though each were fully set forth at length herein.

31.    The fires referred to above and consequent damage and destruction to the Fosters' and the Yus' properties were caused by the negligence, carelessness, gross negligence and negligent omissions of defendant Sears, its agents, servants, employees and/or subcontractors in:

      (a)    installing the dryers in violation of the manufacturer's instructions and the applicable codes;

      (b)    in the case of the Yus', violating applicable building and safety codes as well as the manufacturer's installation instructions by installing the dryer while there was a screen over the exhaust vent cover;

      (c)    in the case of the Yus', failing to remove the screen from the exhaust vent cover prior to installing the dryer;

      (d)    in the case of the Yus', failing to advise the Yus that there was a screen over the exhaust vent cover that needed to be removed before the dryer could be installed;

(e)    in the case of the Fosters, installing the dryer with a flexible foil duct in violation of the dryer manufacturer's installation instructions;

(f)    in the case of the Fosters, failing to realize the existing permanent exhaust duct was longer than the maximum permanent exhaust duct permitted by the Electrolux installation instructions;

(g)    In the case of the Fosters, failing to advise the Fosters that the permanent exhaust duct needed to be relocated to the side of the house;

(h)    In the case of the Fosters, failing to advise the Fosters that the dryer could not be installed within the under counter cabinet until an access panel was cut in the wall that would provide access to the rear of the dryer and allow for the installation of a proper transition duct.

32.    By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant Sears, the fire referred to above took place and resulted in damage and destruction to plaintiff's insureds' property.

WHEREFORE, the plaintiffs demand judgment against the defendants in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

Dated: July 11, 2014

Respectfully submitted,

By /s/Matthew F. Noone
Matthew F. Noone, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2192
215-701-2192
mnoone@cozen.com